# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***People v. One 2008 Chevrolet, VIN No. 2GIWT58K889278949*, 2011 IL App (2d) 100772**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 2008 CHEVROLET, VIN No. 2GIWT58K889278949, Defendant (Vernon Guynn, Intervenor-Appellee). |
| District & No. | Second District<br>Docket No. 2-10-0772 |
| Filed<br>Modified upon<br>denial of rehearing | August 11, 2011<br><br>October 27, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The innocent-lienholder exception to the forfeiture statute did not apply to bar the father of a forfeited automobile's titleholder from paying off the lienholder, taking title in his name and then allowing his son to execute a promissory note to his father to repay the loan balance in monthly installments, regardless of the State's contention that the father knew the vehicle had been used to commit a crime. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 08-MR-483; the Hon. Bonnie M. Wheaton, Judge, presiding |
| Judgment | Affirmed. |

Counsel on
Appeal

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Kristin M. Schwind, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Paul M. DeLuca, of Oakbrook Terrace, for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Jorgensen and Justice Bowman concurred in the judgment and opinion.

## OPINION

¶ 1    The State appeals the trial court's order granting summary judgment to Vernon Guynn and releasing to him a vehicle that had previously been the subject of a forfeiture proceeding. The State contends that the trial court erred by finding that the innocent-lienholder exception in the forfeiture statute applied to Guynn. We affirm.

¶ 2    On March 18, 2008, Wheaton police seized a 2008 Chevrolet that had been driven by Lindsey Keel while her driver's license was suspended or revoked. The State then filed a complaint for forfeiture. At that time, Brent Guynn was the Chevrolet's registered owner, with AmeriCredit Financial Services, Inc. (AmeriCredit), holding a lien.

¶ 3    AmeriCredit filed a claim asserting that it was an innocent lienholder. See 720 ILCS 5/36-1a (West 2008). On April 18, 2008, the trial court released the vehicle to AmeriCredit with the condition that it not release the vehicle to Brent Guynn or Lindsey Keel.

¶ 4    Brent Guynn contacted AmeriCredit about purchasing the vehicle, and he was informed that AmeriCredit would release its interest if he paid off the balance of the loan. Thus, on April 22, 2008, Brent Guynn, having borrowed the funds from his father, Vernon Guynn, paid off the $28,644.07 loan balance, executing a promissory note to his father to repay the amount in monthly installments. Subsequently, Vernon Guynn took title to the vehicle.

¶ 5    After learning that AmeriCredit no longer had an interest in the vehicle, the State filed a petition under section 2-1401 of the Code of Civil Procedure to vacate the release order. See 735 ILCS 5/2-1401 (West 2008). The trial court granted the petition and set a date for a forfeiture hearing.

¶ 6    Vernon Guynn filed a petition to intervene, alleging that he had succeeded to AmeriCredit's interest in the vehicle. The trial court granted the petition. Vernon Guynn then filed a motion for summary judgment, alleging that he had "stepped into the shoes" of AmeriCredit and accepted all its rights in the vehicle, including its status as an innocent

-2-

lienholder. The trial court granted the motion, and the State timely appeals.

¶ 7        The State contends that summary judgment was improper because factual questions remain regarding whether Vernon Guynn was an innocent lienholder. The State's overarching contention is that he did not qualify for that status because he actually knew that the vehicle had been used to commit a crime.

¶ 8        Section 36-1 of the Criminal Code of 1961 provides for the seizure of any vehicle "used with the knowledge and consent of the owner in the commission of" various listed offenses. 720 ILCS 5/36-1 (West 2008). The State may then initiate an action to forfeit the vehicle. 720 ILCS 5/36-2 (West 2008). However, section 36-1a provides a safety valve for a lienholder who can show that its interest is *bona fide* and "was created without actual knowledge that such *** vehicle *** was used or to be used in the commission of the offense charged." 720 ILCS 5/36-1a (West 2008).

¶ 9        Summary judgment is appropriate where no genuine issue of material fact is present and the moving party is entitled to judgment as a matter of law. *Ralls v. Village of Glendale Heights*, 233 Ill. App. 3d 147, 151 (1992). Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2008). We review *de novo* an order granting summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 10       The State essentially contends that, if Vernon Guynn knew that the vehicle was used in the commission of a crime, he was not eligible to purchase the vehicle from an innocent lienholder who lacked such knowledge when its interest was created. We cannot accept this construction of the statute, and we note that the State cites no authority in support of its proposed reading. Adopting the State's construction would mean that an innocent lienholder who had a vehicle released to it could never sell the vehicle to a buyer who knew the vehicle's history. Such a construction is absurd and would render the innocent-lienholder exception virtually worthless. See *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 441 (2010) (in construing a statute, we presume the legislature did not intend absurd, inconvenient, or unjust consequences). Thus, we reject the State's contention and hold that, even if he knew that the vehicle was used in committing a crime, Vernon Guynn was entitled to purchase the vehicle from AmeriCredit after the vehicle was released.

¶ 11       Here, the trial court released the vehicle to AmeriCredit on April 18, 2008, effectively terminating the forfeiture proceedings. Vernon Guynn paid off the loan and had the vehicle titled in his name after that date. Thus, the transaction was not subject to the "knowledge" exception to the innocent-lienholder provision. Moreover, the State could not avoid this result by having the release order vacated pursuant to its section 2-1401 petition.

¶ 12       When the sale took place, there was no forfeiture proceeding in place. The State's subsequent attempt, albeit a successful one, to resurrect the original forfeiture proceedings could not retroactively invalidate the release of the vehicle to AmeriCredit or the subsequent sale to Vernon Guynn. As noted above, were the State able to essentially void any subsequent sale of the vehicle by the simple expedient of having the release order vacated pursuant to section 2-1401, the innocent-lienholder provision would cease to provide the lienholder with

any meaningful relief.

¶ 13        The judgment of the circuit court of Du Page County is affirmed.

¶ 14        Affirmed.